# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:08-cr-353-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody– #124) |
| PEDRO GARCIA, | |
| Defendant. | |

Before the Court is Defendant Pedro Garcia's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#124, filed Apr. 19, 2013) based on ineffective assistance of counsel. The Court has also considered the Government's Opposition (#128, filed Jun. 6, 2013); Defendant did not file a Reply. For the reasons discussed below, the Court denies Defendant's motion.

On June 7, 2010 a jury convicted Defendant Pedro Garcia on charges of possession of methamphetamine and felon in possession of a firearm. Defendant asserts, however, that the conviction should be set aside because his constitutional right to effective assistance of counsel was violated by his trial counsel's failure to raise three arguments before the jury. First, Defendant claims that his counsel failed to pursue questioning challenging the arresting officer's training and

adherence to police department procedures during the vehicle search. Second, Defendant contends that his counsel should have argued that given the actual weight of the discovered methamphetamine, it was unlikely the arresting officer could have identified it as such from a distance of three feet and in the dark, thereby attacking probable cause for the search. Last, Defendant claims that his counsel failed to call another police officer as a witness to testify about police department training and procedure to impeach the arresting officer's testimony regarding his compliance with those procedures.

The Court, however, does not find that these failures demonstrate either the deficient performance or prejudice required for an ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (deficient performance and prejudice required to show ineffective assistance of counsel). Each of Defendant's arguments is directed at the validity of the arresting officer's search and the admissibility of the methamphetamine evidence at trial. These are legal questions for the Court, not factual issues for the jury. *See United States v. Reed*, 575 F.3d 900, 919 (2009). Indeed, Defendant's counsel argued that the search was invalid and the evidence inadmissible before the magistrate judge, this Court, and later to the Ninth Circuit, where such argument was proper. The failure of Defendant's counsel to argue the resolved matter to the jury was not deficient, but rather proper performance.

Thus, Defendant's ineffective assistance claim fails. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel"). Consequently, Defendant's Motion is denied.

IT IS SO ORDERED.

Dated: June 26, 2013.

_____
**ROGER L. HUNT
United States District Judge**