UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:08-cr-353-RLH-RJJ |
| Plaintiff, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | (Motion for Relief from Judgment – #130) |
| PEDRO GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is Defendant Pedro Garcia's Motion for Relief from Judgment (#130, filed Feb. 20, 2014) based on the Court denying his Motion under 28 U.S.C. § 2255 for ineffective assistance of counsel. The Court does not require a response from the Government. For the reasons discussed below, the Court denies Defendant's motion.

**BACKGROUND**

On June 7, 2010, a jury convicted Defendant on charges of possession of methamphetamine and felon in possession of a firearm. On April 19, 2013, Defendant brought his § 2255 motion asserting ineffective assistance of counsel. The Court referred the matter to the Government for a response within 45 days. (#125). The Court also set the briefing schedule allowing Defendant 15 days to reply to any response filed by the Government. (*Id.*) The

Government filed a response on June 6, 2013. Defendant did not file a reply. On June 26, 2013, five days past Defendant's deadline to reply, the Court entered the Order denying the § 2255 motion. (#129).

Now, Defendant moves for relief from the Order denying the § 2255 motion arguing that he did not file a Reply because he "lost legal representation" and that the Court denied the motion without considering his Reply. (#130). Thus, Defendant requests the Court re-enter its prior Order to "restart the time for him to file his Certificate of Appealability and Notice of Appeal."

**DISCUSSION**

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). "[A] party merits relief under Rule 60(b)(6) if he demonstrates extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Comm. Dental Serv. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)(internal quotations and citations omitted). However, to obtain relief for "extraordinary circumstances," the party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.*

Defendant's arguments fail under this standard because he has not demonstrated any circumstances beyond his control that prevented him from filing a timely appeal. When initially considering the § 2255 motion, the Court extended the normal briefing schedule to allow Defendant time to reply and he failed to do so. He offers no justification for the delay or failure to reply. Then, Defendant failed to file a timely petition for certificate of appealability or notice of appeal. Again, he offers no justification, other than the tenuous argument that he "lost legal representation." However, as Defendant filed the § 2255 motion *pro se*, he did not lose legal

representation in the interim justifying his failure to timely seek a certificate of appealability. Defendant has set forth no reason that would justify withdrawing and re-entering the prior Order or resetting deadlines. Therefore, the motion is denied.

      Moreover, to the extent that Defendant seeks a certificate of appealability on the merits, the motion is denied. The Court finds there are no appealable issues as to ineffective assistance of counsel because Defendant's arguments were facially meritless. Defendant's arguments raised issues of the validity of the search and admissibility of evidence at trial. These are legal issues to be decided by the Court, not factual issues left to the jury. Accordingly, Defense counsel's failure to argue the matter to the jury was not deficient performance. Instead, Defense counsel argued that the search was invalid and the evidence inadmissible before the magistrate judge, this Court, and later to the Ninth Circuit, where such argument was proper. Defendant's arguments are legally untenable because they show effective, rather than ineffective, assistance of counsel. Thus, the Court cannot certify that Defendant raises appealable issues and denies to issue a certificate of appealability.

## CONCLUSION

      IT IS THEREFORE ORDERED that Defendant Pedro Garcia's Motion for Relief from Judgment (#130, filed Feb. 20, 2014), is DENIED.

      Dated: February 12, 2014.

_____
**ROGER L. HUNT**
**United States District Judge**